IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01589-BNB

ROBERT SCHWARTZ,
    Applicant,

v.

WARDEN PAMELA PLOUGHE,
    Respondent.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant, Robert Schwartz, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Schwartz has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a number of decisions of the Colorado state parole board denying his release on parole, as well as the failure to hold annual parole hearings from 1997 through 2001. In an order filed on August 5, 2010, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses in this action. On August 26, 2010, Respondent filed a Preliminary Response. On September 9, 2010, Mr. Schwartz filed a reply to the Preliminary Response.

The Court must construe the habeas corpus application and other papers filed by Mr. Schwartz liberally because he is not represented by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part as time-barred.

Mr. Schwartz alleges in the application "[t]hat Applicant has had numerous parole board hearings, with the most recent one, and subject of this action, on June 2, 2010." [Doc. #3 at p.2.] However, despite indicating that the June 2, 2010 hearing is the subject of this action, Mr. Schwartz' claims challenge a number of decisions of the Colorado state parole board denying him release on parole since 2002, as well as the failure to hold annual parole hearings from 1997 through 2001. Mr. Schwartz alleges that he received his first parole hearing in 2002. He specifically contends that his rights have been violated because the June 2, 2010 parole board notification indicates that his parole eligibility date was February 1, 1997 and previous parole board notifications indicated his parole eligibility date was October 8, 2000. According to Mr. Schwartz, the recently revised parole eligibility date demonstrates his constitutional rights have been violated because the parole board denied him parole hearings from 1997 through 2001 and also relied on an inaccurate parole eligibility date in denying him parole every year from 2002 through 2010. The Court received the instant action for filing on June 28, 2010.

Respondent first concedes that Mr. Schwartz' claims are not subject to dismissal for failure to exhaust state remedies. However, Respondent argues that this action is untimely to the extent Mr. Schwartz is challenging any parole board decision denying him release on parole other than the parole board's decision of June 2, 2010. In his

reply to the Preliminary Response, Mr. Schwartz argues that he did not know about the incorrect parole eligibility date prior to receiving the most recent parole board notification and that the Court should consider his claims with respect to each and every denial of parole or a parole hearing because of

> "excusable neglect and justifiable excuse" and equity and justice, in that, do [sic] to no fault of Applicant, Respondent and Colorado Department of Corrections (C.D.O.C.) knowingly withheld, in part, by not advising Applicant, that he had a right to such "PED" or parole board eligibility hearings although Applicant kept inquiring of such rights.

[Doc. #8 at p.2.]

The one-year limitation period in 28 U.S.C. § 2244(d) applies to a habeas corpus action pursuant to § 2241 filed by a state prisoner challenging the execution of his or her sentence. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

3

> review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted above, the Court received this action for filing on June 28, 2010. Mr. Schwartz identifies only one decision of the parole board, the decision of June 2, 2010, that took place within one year before this action was filed. Therefore, the Court agrees with Respondent that this action is timely with respect to the June 2, 2010 parole board decision. However, with respect to the parole board hearings prior to June 2, 2010, as well as the failure to hold annual hearings between 1997 and 2001, Mr. Schwartz' claims appear to be untimely.

Mr. Schwartz' argument that he did not know about the incorrect parole eligibility date prior to receiving the most recent parole board notification in June 2010 does not demonstrate that he could not have discovered the factual predicate for his claims prior to that time through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Mr. Schwartz could have challenged the failure to hold parole hearings prior to 2002 when those hearing were not held, and he could have challenged the allegedly erroneous parole eligibility date used at each parole hearing prior to 2010 following each hearing.

Mr. Schwartz' equitable arguments also do not persuade the Court that his

4

claims challenging every parole board hearing prior to June 2010 as well as the failure to hold annual parole board hearings between 1997 and 2002 are not barred by the one-year limitation period. The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if Mr. Schwartz shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, in order to demonstrate he pursued his claims diligently, Mr. Schwartz must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

The Court finds that equitable tolling is not appropriate in this action because Mr. Schwartz fails to demonstrate that he pursued his claims diligently. In particular, he fails to allege with specificity the steps he took to diligently discover and pursue his claims. Therefore, the Court agrees with Respondent that Mr. Schwartz's claims are untimely with respect to every parole board decision other than the parole board's June 2, 2010, denial of parole.

In conclusion, the Court will dismiss the application to the extent Mr. Schwartz is

challenging any decision of the parole board other than the parole board's decision of June 2, 2010. The Court finds that Mr. Schwartz' claims challenging the June 2, 2010 decision of the parole board are timely and are not subject to dismissal for failure to exhaust state remedies. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Pursuant to D.C.COLO.LCivR 40.1C.1., the case will be assigned to Judge Christine M. Arguello and to Magistrate Judge Craig B. Shaffer. Accordingly, it is

ORDERED that the application is denied to the extent Mr. Schwartz is challenging any decision of the parole board other than the parole board's decision of June 2, 2010. It is

FURTHER ORDERED that this case shall be assigned to Judge Christine M. Arguello pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Craig B. Shaffer.

DATED at Denver, Colorado, this  23rd  day of  September , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 10-cv-01589-BNB

Robert Schwartz
Prisoner No. 60801
Colorado Territorial Correctional Facility
P.O. Box 1010
Cañon City, CO 81215-1010

Christopher W. Alber
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/23/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk