**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01589-CMA

ROBERT SCHWARTZ,

    Applicant,

v.

WARDEN PAMELA PLOUGHE,

    Respondent.

---

**ORDER DENYING PETITION FOR HABEAS CORPUS**

---

The matter before the Court is an Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 3). The Court has determined it can resolve the Application without a hearing.[1]

## I. BACKGROUND

Applicant is currently incarcerated in the Colorado Department of Corrections.[2] He is serving a thirty-year sentence for multiple convictions of sexual assault on a child and aggravated incest imposed in the City and County of Denver, Colorado District Court case number 88CR2063.[3]

---

[1] *Blackledge v. Allison*, 31 U.S. 63, 83 (1977); *see also Jeter v. Keohane*, 739 F.2d 257, n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); 28 U.S.C. § 2243.

[2] Application (Doc. No. 3; July 6, 2010).

[3] *Id.* at 2; Doc. # 15-1 at 4-8.

On June 2, 2010, Applicant met with Colorado State Board of Parole ("Parole Board") member Rebecca Oaks for the purpose of determining whether he should be recommended for parole. The Parole Board decided on June 2, 2010 to defer Applicant's parole until June 2011.

## II.  **HABEAS CLAIMS**

Applicant initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on July 3, 2010.[4] The Application initially included numerous claims referencing various parole decisions occurring since 1997. In a September 23, 2010 Order, U.S. District Judge Philip A. Brimmer found that all claims, other than the challenge of the Parole Board's June 2, 2010 decision, were untimely filed and were dismissed.[5] Judge Brimmer ordered that Applicant's one remaining viable claim be drawn to a district judge.[6]

---

[4]  Doc. # 3.

[5]  Order (Doc. # 9; Sep. 23, 2010) at 5. Applicant spends a significant portion of his Traverse arguing that he should be able to raise these pre-2010 parole claims in this action. To the extent that this argument can be construed as a motion to reconsider the Sep. 23, 2010 Order, this motion is denied.

[6]  *Id.* at 6.

This Court issued an Order To Show Cause to Respondent on April 6, 2011.[7] Respondent filed a Response on May 4, 2011.[8] Applicant filed a Traverse on May 17, 2011.[9]

Applicant claims that he was wrongfully denied parole in the Parole Board's June 2, 2010 decision. Specifically, Applicant claims that the Parole Board relied on "erroneous, unverified, un-notorized [sic], uncertified and inaccurate critical information," violating his Fourteenth Amendment "liberty interest, due process, and equal protection rights."[10]

### III.  LEGAL STANDARD

A Section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[11]  "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison

---

[7] Doc. #12.

[8] Doc. # 15.

[9] Doc. # 16.

[10] Doc. # 3 at 3.

[11] *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

conditions."[12]  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ."[13]

"A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."[14]  Here, Applicant correctly filed his petition pursuant to 28 U.S.C. § 2241 in the District of Colorado, where he was incarcerated at the time of initial filing.

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers.  [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[15]  The Court should not be the *pro se* litigant's advocate.[16]

## IV.  ANALYSIS

Respondents concede that the remaining claim was timely filed and that Applicant has exhausted his state remedies.[17]

---

[12]  *Hernandez v. Davis*, No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 2008).

[13]  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[14]  28 U.S.C. § 2241(a); *Bradshaw*, 86 F.3d at 166.

[15]  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[16]  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17]  Doc. # 15 at 2, ¶ 4.

The Due Process Clause of the Fourteenth Amendment proscribes state deprivation of life, liberty, or property without due process of law.[18] However, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[19] Although a state may provide a statutory liberty interest through the use of mandatory language in its parole statute,[20] "the Colorado statutory scheme does not create a constitutionally protected entitlement to, or liberty interest in, parole."[21] Therefore, since Colorado's parole scheme is entirely discretionary, there can be no due process violation.[22]

Applicant also generally alleges that the Parole Board violated his equal protection rights. However, Applicant fails to provide any specific factual allegations to support his claim. Applicant's vague, unsupported, and conclusory allegations are insufficient to state a plausible claim for an equal protection violation.[23]

This court's review of the Parole Board's decision is thus limited to "abuse of discretion, asking whether the Board's action resulted in an abridgement of the

---

[18] U.S. Const. amend. XIV, § 1.

[19] *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[20] *Id.*

[21] *Thompson v. Riveland*, 714 P.2d 1338, 1340 (Colo. App. 1986). The Court is bound by Colorado courts' construction of state law in this habeas application. *See Hawkins v. Mullin*, 291 F.3d 658, 662-63 (10th Cir. 2002).

[22] *See Straley v. Utah Bd. Of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009).

[23] *See Bellmon*, 935 F.2d at 1110; *Schwartz v. Ploughe*, No. 09-cv-01906-CMA-CBS, 2011 WL 1456724, at *3 (D. Colo. Mar. 17, 2011) (Applicant's identical previous equal protection challenge dismissed for failure to state a claim).

[plaintiff's] constitutional rights."[24] "[P]arole determinations inherently do not lend themselves to concrete and identifiable standards."[25] The decision whether to release an inmate on parole is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release."[26] The decision turns on a "discretionary assessment of a multiplicity of imponderables."[27] Therefore, "[i]n reviewing the Board's decision, the inquiry is only whether there is a rational basis in the record for its conclusions embodied in its statement of reasons."[28]

At a minimum, the Parole Board's decision that Applicant needed continued treatment in the Sex Offender Treatment and Monitoring Program is a sufficient rational

---

[24] *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998) (internal quotation marks omitted).

[25] *Schuemann v. Colo. State Bd. Of Adult Parole*, 624 F.2d 172, 174 (10th Cir. 1980).

[26] *Greenholtz*, 442 U.S. at 9-10.

[27] *Id.* at 10 (internal quotation marks omitted and citation omitted).

[28] *Mulberry v. Neal*, 96 F.Supp.2d 1149, 1151 (D. Colo. 2000) (*citing Lewis v. Beeler*, 949 F.2d 325, 331-32 (10th Cir. 1991)); *see also Schwartz*, No. 09-cv-01906-CMA-CBS, 2011 WL 1456724 at *3-4 (further discussion on abuse of discretion review for Colorado parole board decisions).

basis for its decision to deny parole.[29] Applicant has not met his burden that the Parole Board's decision was an abuse of discretion.[30]

In conclusion, Applicant has not demonstrated that the Parole Board's June 2, 2010 decision was a violation of his Fourteenth Amendment rights, and his request for habeas relief is denied.

## V. ORDER

For the foregoing reasons, it is hereby ORDERED that the Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 3; July 6, 2010) is DENIED and this action is DISMISSED WITH PREJUDICE.

DATED at Denver, Colorado, this __22nd__ day of June, 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[29] *See Lewis*, 949 F.2d at 331-32.

[30] *See Sotelo v. Hadden*, 721 F.2d 700, 702 (10th Cir. 1983) ("clear showing" of abuse required from Applicant).